**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SARAH SWEENEY,** | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| v. | ) | Case Number 4:22-cv-01265-RLW |
| | ) | |
| **BEST FOOT FORWARD** | ) | |
| **CORPORATION PODIATRIC** | ) | |
| **SPECIALISTS, ET AL.,** | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

**DEFENDANTS'**
**ANSWER AND COUNTERCLAIM**

**COMES NOW** defendants/counterclaim plaintiffs Best Foot Forward Corporation Podiatric Specialists ("BFF") and Franklin W. Harry ("Harry") and for its Answer to plaintiff/counterclaim defendant Sarah Sweeney's ("Sweeney") Complaint and Counterclaim against Sweeney states as follows:

**ANSWER TO COMPLAINT**

**Summary of Claims**

1.     In response to paragraphs 1, 2, 3, 4, 5 and 6 of the Complaint, BFF and Harry admit that Sweeney is alleging claims as stated, but denies that these claims have any merit under the facts and the law.

**The Parties**

2.     In response to paragraph 7 of the Complaint, BFF and Harry have insufficient information upon which to admit or deny the allegation regarding Sweeney's residence, but admit that she is a podiatrist who was employed by BFF, and deny each and every remaining allegation contained therein.

1

3.      In response to paragraph 8 of the Complaint, BFF and Harry deny that BFF is a Missouri corporation, and admit the remaining allegations in said paragraph.

4.      BFF and Harry admit the allegations contained in paragraph 9 of the Complaint.

**Jurisdiction and Venue**

5.      In response to paragraphs 10 and 11 of the Complaint, BFF and Harry admit that this Court has personal jurisdiction over them, but deny the remaining allegations contained therein.

6.      In response to paragraphs 12 and 13 of the Complaint, BFF and Harry admit this Court has subject matter jurisdiction, but deny that any of Sweeney's claims have merit, and deny the remaining allegations contained therein.

**Facts**

7.      In response to paragraph 1 of the "Facts" section of the Complaint, BFF and Harry admit that Sweeney signed a certain Employment Agreement with BFF as of February 5, 2021, and deny the remaining allegations contained therein.

8.       BFF and Harry deny each and every allegation contained in paragraphs 2, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 29, 30, 31, 32, 33, 34, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 62, 63, 64, 65, 66 and 67 of the "Facts" section of the Complaint.

9.      In response to paragraphs 25, 26 and 28 of the "Facts" section of the Complaint, BFF and Harry admit that BFF hired Dr. Timur Davidov, paid him compensation as agreed and that he complied with BFF's requirements for credentialing, and deny all remaining allegations contained therein.

10.     BFF and Harry admit that Sweeney made such a complaint as described in paragraph 36 of the "Facts" section of the Complaint, but denies that BFF treated any medical assistant adversely and deny all remaining allegations contained therein.

11.     In response to paragraphs 37, 38, 39, 40, 41 and 42 of the "Facts" section of the Complaint, BFF and Harry state that BFF employed Sweeney and paid her compensation as agreed between the parties, and deny all remaining allegations contained therein.

12.     In response to paragraphs 43, 44, 45, 46, 47, 48 and 49 of the "Facts" section of the Complaint, BFF and Harry have insufficient information upon which to admit or deny the allegations contained therein and therefore, as such deny each and every allegation contained therein.

13.     In response to paragraphs 60 and 61 of the "Facts" section of the Complaint, BFF and Harry admit that Sweeney made complaints and allegations regarding the matters discussed in those paragraphs, but deny that the complaints and allegations had or have any merit, and deny all remaining allegations contained therein.

**Answer to Count I – MHRA-Sexual Harassment vs. BFF**

14.     In response to paragraph 68 of the Complaint, BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 13 of its Answer to plaintiffs' Complaint set forth above, inclusive.

15.     BFF denies each and every allegation contained in paragraphs 69, 70, 71, 72, 73, 74 and 75 of the Complaint.

16.     That anything not specifically admitted herein is denied.

17.     In further answer and as an affirmative defense, BFF states that Sweeney has failed to state a claim upon which relief may be granted.

3

18.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred by the applicable statute of limitations.

19.     In further answer and as an affirmative defense, BFF states that BFF took reasonable steps to prevent and correct any sexual harassment in the workplace, which they deny ever took place.

20.      In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part by her unclean hands.

21.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF denies that any damages have been incurred.

22.     BFF reserves the right to assert such other affirmative defenses of which it becomes aware during the pendency of this case.

**WHEREFORE**, having fully answered Count I of the Complaint, BFF prays that this Honorable Court dismiss Count I at Sweeney's  cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

<u>**Answer to Count II – MHRA – Retaliation vs. BFF**</u>

23.     In response to paragraph 76 of the Complaint, BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 22 of its Answer to plaintiffs' Complaint set forth above, inclusive.

24.     BFF denies each and every allegation contained in paragraphs 77, 78, 79, 80. 81, 82 and 83 of the Complaint.

25.     That anything not specifically admitted herein is denied.

26.     In further answer and as an affirmative defense, BFF states that Sweeney has failed to state a claim upon which relief may be granted.

27.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred by the applicable statute of limitations.

28.     In further answer and as an affirmative defense, BFF states that any actions taken by BFF with regard to Sweeney's employment were reasonable steps to maintain a stable and productive work environment.

29.     In further answer and as an affirmative defense, BFF states that any action taken by BFF, all of which were reasonable if taken, were caused solely by Sweeney's poor performance and/or job misconduct.

30.      In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part by her unclean hands.

31.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF denies that any damages have been incurred.

32.     BFF reserves the right to assert such other affirmative defenses of which it becomes aware during the pendency of this case.

**WHEREFORE**, having fully answered Count II of the Complaint, BFF prays that this Honorable Court dismiss Count II at Sweeney's  cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

## Answer to Count III – MHRA – Gender Discrimination vs. BFF

33.     In response to paragraph 84 of the Complaint, BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 32 of its Answer to plaintiffs' Complaint set forth above, inclusive.

34.     BFF denies each and every allegation contained in paragraphs 85, 86, 87, 88, 89 and 90 of the Complaint.

35.     That anything not specifically admitted herein is denied.

36.     In further answer and as an affirmative defense, BFF states that Sweeney has failed to state a claim upon which relief may be granted.

37.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred by the applicable statute of limitations.

38.     In further answer and as an affirmative defense, BFF states that even if Sweeney was paid at a different rate than employees of opposite gender, which it denies, that BFF utilized a system for payment based upon seniority, merit, earnings measured by quantity or quality of production and/or another differential basis on a factor other than sex.

39.      In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part by her unclean hands.

40.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF denies that any damages have been incurred.

41.     BFF reserves the right to assert such other affirmative defenses of which it becomes aware during the pendency of this case.

**WHEREFORE**, having fully answered Count III of the Complaint, BFF prays that this Honorable Court dismiss Count III at Sweeney's cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

### Answer to Count IV – EPA vs. BFF and Harry

42.     In response to paragraph 91 of the Complaint, BFF and Harry incorporate by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 41 of its Answer to plaintiffs' Complaint set forth above, inclusive.

43.     BFF and Harry deny each and every allegation contained in paragraphs 92, 93, 94 and 95 of the Complaint.

44.     That anything not specifically admitted herein is denied.

45.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney has failed to state a claim upon which relief may be granted.

46.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred by the applicable statute of limitations.

47.     In further answer and as an affirmative defense, BFF and Harry state that even if Sweeney was paid at a different rate than employees of opposite gender, which they deny, that BFF utilized a system for payment based upon seniority, merit, earnings measured by quantity or quality of production and/or another differential basis on a factor other than sex.

48.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney provided services at locations other than employees of opposite gender or under different working conditions.

49.    In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part by her unclean hands.

50.    In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF and Harry deny that any damages have been incurred.

51.    BFF and Harry reserve the right to assert such other affirmative defenses of which they become aware during the pendency of this case.

**WHEREFORE**, having fully answered Count IV of the Complaint, BFF and Harry pray that this Honorable Court dismiss Count IV at Sweeney's  cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

## Answer to Count V – FLSA vs. BFF and Harry

52.    In response to paragraph 96 of the Complaint, BFF and Harry incorporate by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 51 of its Answer to plaintiffs' Complaint set forth above, inclusive.

53.    BFF and Harry deny each and every allegation contained in paragraphs 97, 98, 99, 100, 101, 102 and 103 of the Complaint.

54.    That anything not specifically admitted herein is denied.

55.    In further answer and as an affirmative defense, BFF and Harry state that Sweeney has failed to state a claim upon which relief may be granted.

56.    In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred by the applicable statute of limitations.

57.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney is not a covered employee under the FLSA.

58.     In further answer and as an affirmative defense, BFF and Harry state that they acted at all times in good faith and had reasonable grounds to believe their actions were in compliance with the FLSA.

59.     In further answer and as an affirmative defense, BFF and Harry state that they did not know or show reckless disregard for whether their behavior was prohibited by the FLSA.

60.      In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part by her unclean hands.

61.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF and Harry deny that any damages have been incurred.

62.     BFF and Harry reserve the right to assert such other affirmative defenses of which they become aware during the pendency of this case.

**WHEREFORE**, having fully answered Count V of the Complaint, BFF and Harry pray that this Honorable Court dismiss Count V at Sweeney's  cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

## Answer to Count VI – MHRA – Disability Discrimination vs. BFF

63.     In response to paragraph 104 of the Complaint, BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 62 of its Answer to plaintiffs' Complaint set forth above, inclusive.

64.     BFF denies each and every allegation contained in paragraphs 105, 106, 107, 108, 109, 110, 111, 112, 113 and 114 of the Complaint.

65.     That anything not specifically admitted herein is denied.

66.     In further answer and as an affirmative defense, BFF states that Sweeney has failed to state a claim upon which relief may be granted.

67.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred by the applicable statute of limitations.

68.     In further answer and as an affirmative defense, BFF states that it provided reasonable accommodations to known disabilities in its workplace and for work to be done by employees with known disabilities.

69.      In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part by her unclean hands.

70.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF denies that any damages have been incurred.

71.     BFF reserves the right to assert such other affirmative defenses of which it becomes aware during the pendency of this case.

**WHEREFORE**, having fully answered Count VI of the Complaint, BFF prays that this Honorable Court dismiss Count VI at Sweeney's  cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

**Answer to Count VII – ERISA vs. BFF and Harry**

72.     In response to paragraph 115 of the Complaint, BFF and Harry incorporate by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 71 of its Answer to plaintiffs' Complaint set forth above, inclusive.

73.     BFF and Harry deny each and every allegation contained in paragraphs 116, 117, 118, 119, 120, 121, 122, 123, 124, 125 and 126 of the Complaint.

74.     That anything not specifically admitted herein is denied.

75.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney has failed to state a claim upon which relief may be granted.

76.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred by the applicable statute of limitations.

77.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred due to her failure to exhaust claims procedures.

78.      In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part by her unclean hands.

79.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF and Harry deny that any damages have been incurred.

80.     BFF and Harry reserve the right to assert such other affirmative defenses of which they become aware during the pendency of this case.

**WHEREFORE**, having fully answered Count VII of the Complaint, BFF and Harry pray that this Honorable Court dismiss Count VII at Sweeney's  cost; for the costs incurred herein; for

the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

### Answer to Count VIII – MO Whistleblower vs. BFF

81.    In response to paragraph 127 of the Complaint, BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 80 of its Answer to plaintiffs' Complaint set forth above, inclusive.

82.    BFF denies each and every allegation contained in paragraphs 128, 129, 130, 131, 132, 133, 134, 135, 136 and 137 of the Complaint.

83.    That anything not specifically admitted herein is denied.

84.    In further answer and as an affirmative defense, BFF states that Sweeney has failed to state a claim upon which relief may be granted.

85.    In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred by the applicable statute of limitations.

86.    In further answer and as an affirmative defense, BFF states that any action taken with regard to Sweeney's employment was not motivated in any way by any alleged protected activity by Sweeney.

87.     In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part by her unclean hands.

88.    In further answer and as an affirmative defense, BFF states that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF denies that any damages have been incurred.

89.    BFF reserves the right to assert such other affirmative defenses of which it becomes aware during the pendency of this case.

**WHEREFORE**, having fully answered Count VIII of the Complaint, BFF prays that this Honorable Court dismiss Count VIII at Sweeney's cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

## Answer to Count IX – Unjust Enrichment vs. BFF and Harry

90.     In response to paragraph 138 of the Complaint, BFF and Harry incorporate by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 89 of its Answer to plaintiffs' Complaint set forth above, inclusive.

91.     BFF and Harry deny each and every allegation contained in paragraphs 139, 140, 141, 142, 143, 144 and 145 of the Complaint.

92.     That anything not specifically admitted herein is denied.

93.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney has failed to state a claim upon which relief may be granted.

94.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred by the applicable statute of limitations.

95.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part by her unclean hands.

96.     In further answer and as an affirmative defense, BFF and Harry state that even if Sweeney's claim had merit, which they deny, Sweeney is requesting damages not allowed under Missouri law for this claim.

97.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF and Harry deny that any damages have been incurred.

98.     BFF and Harry reserve the right to assert such other affirmative defenses of which they become aware during the pendency of this case.

**WHEREFORE**, having fully answered Count IX of the Complaint, BFF and Harry pray that this Honorable Court dismiss Count IX at Sweeney's cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

## Answer to Count X – Quantum Meruit/Breach of Contract vs. BFF and Harry

99.     In response to paragraph 142 of the Complaint, BFF and Harry incorporate by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 98 of its Answer to plaintiffs' Complaint set forth above, inclusive.

100.     BFF and Harry deny each and every allegation contained in paragraphs 143, 144, 145, 146, 147 and 148 of the Complaint.

101.     That anything not specifically admitted herein is denied.

102.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney has failed to state a claim upon which relief may be granted.

103.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part by her unclean hands.

104.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is redundant of her claim alleged in Count IX.

105.     In further answer and as an affirmative defense, BFF and Harry state that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which BFF and Harry deny that any damages have been incurred.

106.   BFF and Harry reserve the right to assert such other affirmative defenses of which they become aware during the pendency of this case.

**WHEREFORE**, having fully answered Count X of the Complaint, BFF and Harry pray that this Honorable Court dismiss Count X at Sweeney's  cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

## Answer to Count XI – Intentional Infliction vs. Harry

107.   In response to paragraph 148 of the Complaint, Harry incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 106 of its Answer to plaintiffs' Complaint set forth above, inclusive.

108.   Harry denies each and every allegation contained in paragraphs 149, 150, 151, 152, 153 and 154 of the Complaint.

109.   That anything not specifically admitted herein is denied.

110.   In further answer and as an affirmative defense, Harry states that Sweeney has failed to state a claim upon which relief may be granted.

111.    In further answer and as an affirmative defense, Harry states that Sweeney's claim is barred in whole or in part by her unclean hands.

112.   In further answer and as an affirmative defense, Harry states that any alleged act of Harry was not outrageous, intentional or reckless and Sweeney did not suffer any distress as a result of any alleged act.

113.   In further answer and as an affirmative defense, Harry states that alleged distress suffered by Sweeney is a result of pre-existing psychological and/or physical disorders or alternate concurrent causes, and not as a result of any alleged act by Harry.

114.    In further answer and as an affirmative defense, Harry states that Sweeney's claim is barred in whole or in part for Sweeney's failure to mitigate damages, which Harry denies that any damages have been incurred.

115.    Harry reserves the right to assert such other affirmative defenses of which he becomes aware during the pendency of this case.

**WHEREFORE**, having fully answered Count XI of the Complaint, Harry prays that this Honorable Court dismiss Count XI at Sweeney's cost; for the costs incurred herein; for the relief sought in the Counterclaim stated below; and for such other and further relief as to this Court seems meet and just.

## COUNTERCLAIM

**COME NOW** BFF and Harry, by and through their attorneys, and for their Counterclaim against Sweeney state as follows:

### Count I
### Breach of Contract – Employment Agreement

**COMES NOW** BFF, by and through its attorneys, and for Count I of the Counterclaim states and alleges as follows:

1.    BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 115 of its Answer to plaintiffs' Complaint set forth above, inclusive.

2.    Sweeney is bound by the terms and conditions of that certain Employment Agreement dated February 5, 2021 (a copy of which is attached hereto as ***Exhibit 1***), as amended by that certain Addendum to Contract dated April 18, 2021 (a copy of which is attached hereto as ***Exhibit 2***), except as those terms and conditions have been later modified by agreement of the parties which modifications are not relevant to this claim (collectively "Employment Agreement).

16

3.     BFF fully and satisfactorily fulfilled all of its obligations and duties under the Employment Agreement.

4.     Sweeney breached the Employment Agreement in multiple ways, including but not limited to:

       a.     During the course of her employment, Sweeney requested and was given advances on her compensation and/or loans which totaled Seven Thousand Dollars ($7,000), which Sweeney never repaid.

       b.     Failing to obtain licensure in Illinois.

       c.     Failing to timely and/or properly submit billing records.

5.     As a direct result of such breaches, BFF has been damaged in the principal amount yet to be determined, but reasonably believed to exceed Seventy-Five Thousand Dollars ($75,000).

**WHEREFORE,** for Count I of its counterclaim against Sweeney, BFF prays for judgment against Sweeney for its actual damages in an amount yet to be determined but reasonably believed to exceed Seventy-Five Thousand Dollars ($75,000); for pre-judgment and post-judgment interest on its damages at the statutory rate; for its attorney fees incurred herein; for the costs of this action; and for such other and further relief as to the Court deems meet and just.

**Count II**
**Quantum Meruit**

**COMES NOW** BFF, by and through its attorneys, and for Count II of the Counterclaim states and alleges as follows:

6.      BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 115 of its Answer to plaintiffs' Complaint set forth above, and paragraphs 1 through 5 of the Counterclaim, inclusive.

17

7.     BFF provided Sweeney with advances on her compensation under the Employment Agreement totaling the principal amount of Seven Thousand Dollars ($7,000) which Sweeney has not repaid.

8.     Sweeney promised to pay the reasonable value thereof to BFF, but has failed so to do.

9.     After just credits there remains due and owing from Sweeney to BFF the principal sum of Seven Thousand Dollars ($7,000) for the unpaid advances.

**WHEREFORE,** for Count II of its counterclaim against Sweeney, BFF prays for judgment against Sweeney in the principal amount of Seven Thousand Dollars ($7,000); for the costs of this action; and for such other and further relief as to the Court deems meet and just.

**Count III**
**Breach of Contract – Covenant Not To Compete**

**COMES NOW** BFF, by and through its attorneys, and for Count III of the Counterclaim states and alleges as follows:

10.     BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 115 of its Answer to plaintiffs' Complaint set forth above, and paragraphs 1 through 9 of the Counterclaim, inclusive.

11.     The Employment Agreement contains a covenant not to compete found at Section 9, restricting Sweeney as provided therein ("CNC"), which states in pertinent part that Sweeney is prohibited from "conducting or engaging in any business in competition with BFF, whether directly or indirectly, engage in the practice of podiatry within a fifteen (15) mile radius of any of BFF's offices."

12.     BFF fully and satisfactorily fulfilled all of its obligations and duties under the Employment Agreement.

13.     Sweeney breached her agreement with BFF by violating the CNC on multiple occasions, and is currently in violation of the CNC by reason of her employment by a business commonly referred to as Foot Healers within a fifteen (15) mile radius of any of BFF's offices.

14.     As a direct result of such breach, BFF has been damaged in the principal amount yet to be determined but reasonably believed to exceed Seventy-Five Thousand Dollars ($75,000).

**WHEREFORE,** for Count III of its counterclaim against Sweeney, BFF prays for judgment against Sweeney for its actual damages in an amount yet to be determined but reasonably believed to exceed Seventy-Five Thousand Dollars ($75,000); for pre-judgment and post-judgment interest on its damages at the statutory rate; for its attorney fees incurred herein; for the costs of this action; and for such other and further relief as to the Court deems meet and just.

**Count IV**
**<u>Injunctive Relief</u>**

**COMES NOW** BFF, by and through its attorneys, and for Count IV of the Counterclaim states and alleges as follows:

15.      BFF incorporates by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 115 of its Answer to plaintiffs' Complaint set forth above, and paragraphs 1 through 14 of the Counterclaim, inclusive.

16.     As shown herein by specific facts stated herein with regard to Sweeney's violations of the CNC, BFF has immediate and irreparable injury, loss and damage which will result in the absence of relief sought hereby.

17.     Without the intervention of this Honorable Court, Sweeney will continue to violate the CNC.

18.     BFF is without an adequate remedy at law and, therefore are entitled to injunctive relief requiring Sweeney to cease her violations of the CNC as set forth above.

19.     To BFF's information and belief, Sweeney's current employer has other locations at which she could provide services that would not be in violation of the CNC.

20.     Due to the nature and particular facts of this action, including the availability of other locations of her current employer where Sweeney could provide services not in violation of the CNC, BFF should not be required to post any bond; but if it is required to post a bond, it should be a nominal amount.

**WHEREFORE**, for Count IV of its counterclaim against Sweeney, BFF prays for this Court's order for temporary and permanent relief as follows:

1.     For a permanent injunction, requiring Sweeney to immediately cease conducting or engaging in any business in competition with BFF, whether directly or indirectly, engage in the practice of podiatry within a fifteen (15) mile radius of any of BFF's offices;

2.     For a temporary restraining order and/or injunction, requiring Sweeney to cease conducting or engaging in any business in competition with BFF, whether directly or indirectly, engage in the practice of podiatry within a fifteen (15) mile radius of any of BFF's offices;

3.     For BFF's attorney fees and expenses incurred herein;

5.     For an award of the costs incurred in this action; and

6.     For such other and further relief as to this Court seems meet and just.

**Count IV**
**Libel**

**COME NOW** BFF and Harry, by and through their attorneys, and for Count IV of the Counterclaim states and alleges as follows:

21.     BFF and Harry incorporate by this reference as if fully set forth herein each and all of the allegations contained in paragraphs 1 through 115 of their Answer to plaintiffs' Complaint set forth above, and paragraphs 1 through 20 of the Counterclaim, inclusive.

22.     Sweeney has articulated and published statements that BFF and Harry made false submissions to Medicare and/or Medicaid, including the filing of a False Claims Act legal action on November 18, 2021, with the United States District Court, Eastern District of Missouri, Eastern Division, case number 4:21CV01366, styled as *United States of America, ex rel. Sarah Sweeney, and Sarah Sweeney vs. Best Foot Forward Corporation Podiatric Specialists and Franklin W. Harry* ("False Claims Case").

23.     The False Claims Case was dismissed on March 4, 2022, at which time the complaint filed therein was unsealed, thus publishing Sweeney's claims which were false.

24.     Sweeney was at fault in causing in the publication of such statements.

25.     Those statements tended to expose BFF and Harry to hatred, contempt and ridicule, and deprived them of the benefit of public confidence and social associations.

26.     Those statements have been read by the public.

27.     BFF's and Harry's reputation was thereby damaged.

28.     Sweeney's conduct was outrageous because of her evil motive or reckless indifference to the rights of others, and punitive damages should be awarded against her in such sum as would punish her and serve to deter her and others from like conduct.

**WHEREFORE,** for Count IV of their counterclaim against Sweeney, BFF and Harry pray for judgment against Sweeney for their actual damages in an amount yet to be determined but reasonably believed to exceed Seventy-Five Thousand Dollars ($75,000); for pre-judgment and post-judgment interest on its damages at the statutory rate; for punitive damages; for their attorney

fees incurred herein; for the costs of this action; and for such other and further relief as to the Court deems meet and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BFF and Harry hereby makes demand for a trial by jury of all claims in this action triable to a jury.

Respectfully submitted,

**MURPHY LAW**


By   s/ Mark D. Murphy
   **MARK D. MURPHY**, #33698 (MO)
   mmurphy@MurphyLaw.co
   10801 Mastin Street, Suite 790
   Overland Park, Kansas 66210-1776
   (913) 600-7900
   Fax (913) 600-7823

Attorneys for Defendants Best Foot Forward Corporation Podiatric Specialists and Franklin W. Harry

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Sherrie A. Hall
Workers Rights Law Firm LLC
2258 Grissom Drive
St. Louis, Missouri. 63146

Attorney for Plaintiff

I further certify that I emailed and mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

None.

    s/ Mark D. Murphy
Attorney for Defendants Best Foot Forward
Corporation Podiatric Specialists and Franklin W.
Harry