UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH SWEENEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-01265 RLW |
| | ) |
| BEST FOOT FORWARD CORP. | ) |
| PODIATRIC SPECIALISTS, et al., | ) |
| | ) |
| Defendants. | ) |

**PROTECTIVE ORDER**

The parties having agreed to the entry of a Protective Order,

**IT IS HEREBY ORDERED THAT:**

1. The parties anticipate that certain documents and information of a confidential nature will be subject to production during the course of this litigation, including but not limited to medical records of Plaintiff, employment records of Plaintiff and other related persons, internal communications, policies, procedures and other business records of the Defendants, as well as certain documents containing private or personal information that may not otherwise be subject to public disclosure, and/or documents/records of third parties who are not a part of this litigation. The parties therefore agree that a protective order is warranted to allow the parties to proceed with discovery with reasonable limitations and restrictions that would protect sensitive and confidential information from unwarranted public disclosure.

2. Any party (or any third party responding to discovery) who believes in good faith that it is producing information that is confidential, may at the time of production designate the information produced as "CONFIDENTIAL." Information shall be designated

"CONFIDENTIAL" by stamping the appropriate designation on each page of the document, interrogatory answer, or other discovery information produced.

3. Any information designated "CONFIDENTIAL" shall be used solely for the purpose of this matter. Access to information designated "CONFIDENTIAL" shall be limited to:

(a) Court personnel, including staff, court reporters, and jurors;

(b) Persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court or approved by the parties;

(c) Counsel of record for the parties;

(d) Counsel's legal assistants, and administrative and clerical staff;

(e) Persons shown on the face of the document to have authored or received the document;

(f) Individual parties, and officials, officers, directors, employees, and/or agents of the parties who have a legitimate need to have access to the information for purposes of this litigation and agree to keep the information confidential;

(g) Any process server/private investigator, but only to the extent necessary to provide services in this matter;

(h) Any independent document reproduction services or document recording and retrieval services used in this matter;

(i) Any witness, provided that counsel has a good faith belief that the witness needs to review the confidential document, except that any such witness will not be given a copy of the confidential document to keep;

(j) Any expert witness or outside consultant retained or consulted by any party, but only if such person needs such confidential documents or information;

(k) Any other person of whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

(l) Any insurer of defendant and/or any employee of an insurer of the defendant who needs access to the documents in connection with normal claims handling and/or file maintenance duties associated with the case and/or required to comply with business policies and/or regulatory requirements.

4. With the exception of persons identified in Paragraph 3(a), before counsel provides any person with access to the confidential materials, counsel shall advise such person of the

existence and content of this Order and provide the person with a copy of this Order.  All parties and retained experts to whom disclosure is made shall review the terms of this Order and agree to be bound by its terms.

5. The parties agree to act in good faith in designating materials as "CONFIDENTIAL." In the event a party disagrees at any stage of these proceedings with the designation by the designating party of any information as "CONFIDENTIAL," the party challenging the designation shall notify the designating party in writing and shall specify in reasonable detail the reason(s) for the objection.  Thereafter, the parties shall confer in person or by telephone in good faith in an effort to resolve the status of the subject information.  If the parties are unable to resolve the asserted protected status of any information, any party may raise the issue of protected status for determination by the Court.  The party asserting that the material is confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c). The status of the information as "CONFIDENTIAL" shall be maintained until the Court's final ruling on the motion.

6. A party shall not be obligated to challenge the propriety of a designation as "CONFIDENTIAL" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

7. All documents and depositions designated as "CONFIDENTIAL" are entitled to confidential treatment pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a "CONFIDENTIAL" document or deposition is entitled to confidential treatment.

8. Any party who inadvertently fails to identify documents as "CONFIDENTIAL" shall have the right to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9. Any party who inadvertently discloses documents, depositions, or sections of depositions that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents or depositions, including all copies, within ten (10) calendar days of receiving such a written request at the expense of the producing party. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

10. Portions of depositions taken in this matter, consistent with this Protective Order, may be designated "CONFIDENTIAL" by any party, and all persons shall be prohibited from disclosing the testimony so designated, subject to the exceptions specified herein. Confidentiality designations for depositions or portions thereof shall be made either on the record or by written notice to the other parties to the deposition within thirty (30) days of receipt of the transcript of the deposition.

11. The deposition of any witness (or any segment thereof) that concerns confidential information will be taken only in the presence of the parties, attorneys for the parties, the Court or its stenographic reporter, and persons who are qualified to have access to such information in accordance with the terms of this Protective Order.

12. Any party who seeks to submit documents designated as "CONFIDENTIAL" to the Court must first file a motion for leave to file the document under seal pursuant to Rule 13.05 of the Local Rules of the United States District Court for the Eastern District of Missouri. Nothing in this Protective Order will be construed as permission allowing the parties to file any document under seal without seeking leave of Court.

13. Upon termination of this litigation, any party that produced information designated "CONFIDENTIAL" ("the producing party") may request in writing that the non-producing parties destroy all information designated "CONFIDENTIAL" by the producing party. Within thirty (30) days of the receipt of the producing party's written request for the destruction of all information designated "CONFIDENTIAL," the non-producing parties shall (1) comply with the producing party's written request for the destruction of all information designated "CONFIDENTIAL" by the producing party and (2) deliver a written certification to the producing party stating that it has complied with the producing party's request to return or destroy all information designated "CONFIDENTIAL" by the producing party. Counsel of record may keep one copy of all documents produced and/or filed with the Court, regardless of whether such documents were designated as "CONFIDENTIAL" however such documents remain subject to this Order and may not be used for any other purpose whatsoever. Nothing in this Protective Order shall be construed to require the Court or its personnel and staff to return or destroy documents.

14. Any insurance carrier of Defendants shall not be subject to the provisions of the paragraph 13 of this Protective Order to the extent that any duty under paragraph 13 interferes with any record retention requirement and/or other regulatory requirement imposed on the insurance carrier with respect to the operation of its business.

15. Any party for good cause shown may apply to the Court for a modification of this Protective Order.

16. Nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions regarding confidentiality as may be appropriate.

17. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the discoverability of any document or the admissibility at the trial of any evidentiary materials.

18. Nothing in this Protective Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

19. This Protective Order will survive the termination of this legal action and the Court will retain jurisdiction to enforce the terms of this Protective Order following the termination of the trial.

20. This Protective Order shall be binding on all persons who have agreed to be bound.

21. The Court may enter appropriate sanctions against any party or person for a failure to comply with the terms of this order.

**SO ORDERED:**

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this ___11th___ day of September, 2023.