UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAH SWEENEY,                                )<br>                                                             )<br>     Plaintiff/Counterclaim Defendant, )<br>v.                                                           )<br>                                                             )<br>BEST FOOT FORWARD                    )<br>CORPORATION PODIATRIC         )<br>SPECIALISTS, ET AL.,                      )<br>                                                             )<br>     Defendants/Counterclaim Plaintiffs. ) | Case Number 4:22-cv-01265-RLW |

### DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MEMORADUM IN OPPPOSITION TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND MOTION TO FILE MEMORANDUM IN SUPPORT THEREOF UNDER SEAL

**COME NOW** defendants/counterclaim plaintiffs Best Foot Forward Corporation Podiatric Specialists ("BFF") and Franklin W. Harry ("Harry") and for their memorandum in opposition to the Motion for Leave to Withdraw as Counsel for Plaintiff filed by counsel for plaintiff/counterclaim defendant Sarah Sweeney ("Sweeney") [Dkt. 40] to withdraw as counsel for Sweeney and her Motion For Leave to Seal The Memorandum in Support thereof [Dkt. 42] respectfully submits the following to the Court:

### Factual Background

Following the provision on August 2, 2023, of BFF's and Harry's Notice of Intent to Issue Subpoenas Pursuant to Fed.R.Civ.P. 45 which was served on counsel for Sweeney, to which no response was made, BFF and Harry caused a subpoena to be served on Danielle Mankunas ("Mankunas"), a former employee of BFF. On August 16, 2023, the subpoena was served on Mankunas. Pursuant to the Subpoena, Mankunas was ordered to produce the described

1

information on or before 9 a.m. on August 31, 2023, to the undersigned counsel, at BFF's office address.

Mankunas ultimately filed an "Expedited Motion to Quash Subpoena" and a declaration in support thereof. Even before the Mankunas filings were officially made, Sweeney filed a memorandum in support of those filings. [Dkt. 29]. As described in BFF's and Harry's memorandum in opposition to the Mankunas filings [Dkt. 35], it is clear that Mankunas was not the scrivener of her filings, and that it was highly likely that Sweeney's counsel had ghost-written those filings. Now before the Court is the motion of Sweeney to file a reply to the BFF/Harry opposition.

Counsel for Sweeney has now filed her and an accompanying Motion For Leave to Seal The Memorandum in Support thereof.

## Argument and Authorities

While BFF and Harry would not ultimately object to the withdrawal of Sweeney's current counsel from this action, they do object to the withdrawal unless and until substitute counsel has entered an appearance herein. The claims and defenses in this case are sophisticated, and the parties are deep into the case, with fast approaching deadlines for expert witnesses and other case events to follow. This is not a case where a party could adequately represent oneself *pro se*. Due to the status of the case and proceedings, unless and until Sweeney has replacement counsel, her current counsel should be required to remain in the case in the interests of the parties and justice, and to make sure that the Scheduling Order in place is not imperiled. **See Cape Dogwood Redevelopment Corp. v. Global Bowling**, 2021 U.S. Dist. LEXIS 40279, *2-3 (E.D. Mo. March 4, 2021);

2

*Ronnoco Coffee LLC v. Peoples*, 2020 U.S. Dist. LEXIS 245186, * 5 (E.D. Mo. December 31, 2020).

The only basis for the Motion For Leave to Seal The Memorandum in Support thereof is that it involves attorney-client communications, and Sweeney's counsel asserts that the memorandum should thus not be accessible by BFF and Harry, or their counsel. Again, while BFF and Harry do recognize that attorney-client communications between Sweeney and her counsel are generally privileged from disclosure, there are exceptions to that rule. Further, and it can only be assumed at this point, it seems likely some of the communications to which Sweeney's counsel may be referencing could include third parties, particularly possible is Mankunas, which would render such communications outside of the privilege.

Sweeney's counsel bears the burden of establishing that privilege exists. *Martin v. Cincinnati Ins. Co.*, 2018 U.S. Dist. LEXIS 116927, *3 (E.D. Mo. July 13, 2018). "Attorney-client privilege protects '"any professionally-oriented communication between attorney and client regardless of whether it is made in anticipation of litigation or for preparation for trial."' *Id*. (citing to *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, No. 4:05 CV 1934 DDN, 2012 U.S. Dist. LEXIS 56405, 2012 WL 1389708, at *7 (E.D. Mo. Apr. 23, 2012) (quoting *State ex rel. Tillman v. Copeland*, 271 S.W.3d 42, 45 (Mo. Ct. App. 2008)). If the communications alleged by Sweeney's counsel include third parties, such as Mankunas, they are not subject to the attorney-client privilege. *See Spring Lake Pork, LLC v. Great Plains Mgmt., LLC*, 2022 U.S. Dist. LEXIS 109425, *5 (E.D. Mo. June 21, 2022) ("Generally, when otherwise privileged information is voluntarily disclosed to a third party, the attorney-client privilege is waived because "[a]

3

communication is only privileged if it is made 'in confidence.'").

Lastly, especially since the Mankunas motion is still pending, BFF and Harry would be prejudiced to not be fully advised of the facts of this matter, to the extent not legitimately privileged.

## CONCLUSION

In conclusion, BFF and Harry respectfully request that this Honorable Court deny the motion filed by Sweeney's counsel to withdraw unless and until substitute counsel enters an appearance herein; deny the motion filed by Sweeney's counsel to file her memorandum in support thereof under seal to the extent it is not legitimately privileged; and for such other and further relief as to this Court seems meet and just.

**MURPHY LAW**

By  s/ Mark D. Murphy
**MARK D. MURPHY**, #33698 (MO)
mmurphy@MurphyLaw.co
10801 Mastin Street, Suite 790
Overland Park, Kansas 66210-1776
(913) 600-7900
Fax (913) 600-7823

Attorneys for Defendants/Counterclaim Plaintiffs
Best Foot Forward Corporation Podiatric Specialists
and Franklin W. Harry

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Sherrie A. Hall
Workers Rights Law Firm LLC
2258 Grissom Drive
St. Louis, Missouri. 63146

Attorney for Plaintiff/Counterclaim Defendant

I further certify that I emailed and/or mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Danielle Mankunas
1877 Fairfax Drive
Barnhart, Missouri 63012
dmankunas@gmail.com

                                                s/ Mark D. Murphy
                                                Attorney for Defendants/Counterclaim Plaintiffs
                                                Best Foot Forward Corporation Podiatric Specialists
                                                and Franklin W. Harry