**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH SWEENEY, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1265 RLW |
| | ) | |
| BEST FOOT FORWARD CORPORATION | ) | |
| PODIATRIC SPECIALISTS, et al., | ) | |
| | ) | |
| Defendants/Counter Claimants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the "Unopposed Motion for Substitution of Party." [ECF No. 65]   Pursuant to Federal Rule of Civil Procedure 25(a), Movant Teresa Sweeney Light ("Movant Light") seeks to be substituted for decedent Sarah Sweeney as the plaintiff in this case.

### *Background*

On November 28, 2022, Plaintiff Sarah Sweeney ("Plaintiff Sweeney") filed suit against her former employer, Best Foot Forward Corporation ("Best Foot Forward"), and the owner of Best Foot Forward, Dr. Franklin W. Harry ("Defendant Harry").   The Complaint asserts the following eleven claims: sexual harassment under the Missouri Human Rights Act ("MHRA") against Best Foot Forward (Count I); retaliation under the MHRA against Best Foot Forward (Count II); gender discrimination under the MHRA against Best Foot Forward (Count III); violation of the federal Equal Pay Act against Best Foot Forward and Defendant Harry (Count IV); violation of the Fair Labor Standards Act ("FLSA") against Best Foot Forward and Defendant Harry (Count V); disability discrimination under the MHRA against Best Foot Forward (Count VI); interference with health coverage in violation of Employee Retirement Income Security Act of 1974 ("ERISA") against Best Foot Forward and Defendant Harry (Count VII); violations of the

Missouri Whistle Blower Protection Act against Best Foot Forward (Count VIII); unjust enrichment against Best Foot Forward and Defendant Harry  (Count IX); quantum meruit/breach of contract against Best Foot Forward and Defendant Harry (Count X); and intentional infliction of physical and emotional distress against Defendant Harry (Count XI).

Defendants answered the Complaint, but they also filed a Counterclaim against Plaintiff Sweeney.  Defendants allege Plaintiff Sweeney was in breach of a covenant not to compete.  They further allege Plaintiff Sweeney failed to obtain proper licensure, did not return monetary advances, and failed to submit proper billing records.  In addition, Defendants allege Plaintiff Sweeney defamed Best Foot Forward and Defendant Harry by filing a False Claims Act lawsuit against them.[1]  In the Counterclaim, Best Foot Forward asserts the following five claims against Plaintiff Sweeney: breach of contract - employment agreement (Count I); quantum meruit (Count II); breach of contract - covenant not to compete (Count III); injunctive relief (Count IV); and libel (Count V).[2]  Defendant Harry joins in Count V for libel.

Plaintiff Sweeney died on January 12, 2024.  On January 16, 2024, Plaintiff's counsel filed a Suggestion of Death, which states, "It is not yet known whether [Ms. Sweeney] died intestate." (ECF No. 63).  The Suggestion of Death was served on the parties to this suit by operation of the Court's CM/ECF system.

On March 27, 2024, Movant Light filed a Motion for Substitution of Party, the motion before the Court.  Movant Light represents that she is Plaintiff Sweeney's "next of kin" and

---

[1]On November 18, 2021, Sarah Sweeney filed a qui tam action, Sweeney, ex rel. and individually v. Best Foot Forward Corp., et al., 4:21-CV-1366 JCH, under the Civil False Claims Act, 31 U.S.C. §§ 3729, et seq.  Ms. Sweeney moved to voluntarily dismiss the case without prejudice, and United States consented to the dismissal.  The case was closed on March 4, 2022.

[2]Defendants mislabeled Count V for libel as "Count IV."  (ECF No. 6 at 20).

requests that the Court substitute her "as personal representative for plaintiff." (ECF No. 65 at 1.) Movant Light states that "the other parties to this lawsuit do not oppose this substitution." (Id.) Plaintiff's counsel, Sherrie A. Hall, filed Movant Light's Motion for Substitution of Party. Notably, Ms. Hall did not enter an appearance on behalf of Movant Light, and her signature block states, "Attorney for Plaintiff, on behalf of Teresa Sweeney Light." (Id. at 2.) No other person or entity moved to be substituted as plaintiff in this case.

### *Discussion*

Movant Light moves for substitution under Rule 25(a) of the Federal Rules of Civil Procedure, which provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a).

Rule 25 is a procedural rule. "It does not provide for the survival of rights or liabilities but merely provides the method by which the original action may proceed if the right of action survives." In re Baycol Prod. Litig., 616 F.3d 778, 785 (8th Cir. 2010) (emphasis added) (quotation and citation omitted). The Court must look to filings in the case and relevant case law to determine if the claims in this suit survive Plaintiff Sweeney's death, and whether Movant Light is the proper party for substitution.

The Court should order a substitution of party only if claims have not been extinguished by the death of that party. Fed. R. Civ. P. 23(a). Whether a claim survives is a matter of substantive law. In re Baycol Prod. Litig., 616 F.3d at 785. A Court is to look to state law to determine if a state law claim survives and federal law to determine if a federal claim survives. Id. Plaintiff

Sweeney brought eleven claims against the defendants in this case – eight state law claims and three federal claims.  Movant Light's Motion for Substitution of Party, while unopposed, is a one-page motion without a supporting legal memorandum or any evidentiary support.  In short, Movant Light made no attempt to show that the eleven claims in the Complaint survived Plaintiff's Sweeney's death.  Without additional information and briefing on the issue, the Court cannot evaluate whether Plaintiff Sweeney's claims survive her death or were extinguished.

As for who is a proper party for purposes of substitution, the Eighth Circuit has provided the following guidance:

> [Typically], the proper party would be 'the representative of the decedent's estate who has been appointed under state law.' 6 James Wm. Moore et al., Moore's Federal Practice § 25.12[3] (3d ed. 2010). Where there is no appointed representative, and no practical need to seek one, the district court should conduct a more detailed analysis.  Because the purpose of Rule 25(a)(1) is to protect the estate of the decedent, district courts must ensure only those individuals who can adequately represent the interests of the deceased party are substituted under the Rule. District courts should therefore look at the facts and circumstances of each case and then determine whether the person moving to substitute will sufficiently prosecute or defend the action on the decedent's behalf.

In re Baycol Prod. Litig., 616 F.3d at 785 (cleaned up).

Movant Light fails to provide any legal or evidentiary support for her assertion that she is the proper party to substitute for Plaintiff Sweeney in this case.  The motion states that Movant Light is Plaintiff Sweeney's "next of kin," and she asks the Court to substitute her as "personal representative."  (ECF No. 65 at 1).  But the record is wholly lacking in pertinent information and evidentiary support.  For example, there is nothing in the record to indicate whether Plaintiff Sweeney died intestate or if she had a will; what is the familial relationship between Plaintiff Sweeney and Movant Light; and whether Movant Light was appointed as personal representative under Missouri law, or if she is a primary beneficiary or executor of her estate.  In sum, without

additional information and briefing, the Court cannot evaluate whether Movant Light is the proper party for substitution in this case.

Aside from the requirements of Rule 25, the Court has additional concerns that impact its evaluation of the Motion for Substitution of Party.  First, Sherrie A. Hall, Plaintiff Sweeney's attorney, filed the Motion for Substitution of Party on Movant Light's behalf, but from the filing, it is unclear whether Ms. Hall intends to represent Movant Light going forward in this suit.  The Eighth Circuit has instructed that the Court "must ensure only those individuals who can adequately represent the interests of the deceased party are substituted under [ ] Rule [25(a)]." In re Baycol Prod. Litig., 616 F.3d at 785.  Movant Light must be represented by counsel if she is to be substituted for Plaintiff Sweeney.  A substituted party is not entitled to proceed pro se without the assistance of counsel, because "to do so would violate the prohibition against the unlicensed practice of law."  6 James Wm. Moore et al., Moore's Federal Practice § 25.15 (3d ed. 2022).

Second, Best Foot Forward and Defendant Harry brought counterclaims against Plaintiff Sweeney, and while the two defendants did not oppose the Motion for Substitution of Party, it is unclear from Movant Light's motion if she intends to be substituted as counter-defendant as well as plaintiff.[3]

The Court, therefore, will order Movant Light to file a legal memorandum in support of her Motion for Substitution of Party.  In her memorandum, Movant Light must address the following: (1) whether under applicable substantive law, the claims in each of the eleven counts of the Complaint survived Plaintiff Sweeney's death; (2) whether Movant Light is an appointed representative; or, if not, she must provide facts concerning whether Plaintiff Sweeney died

---

[3]If so, there must be a determination as to whether the claims in the Counterclaim survived Plaintiff Sweeney's death, and if Movant Light would be the proper party defendant for these claims.

intestate or had a will, the familial relationship between Plaintiff and Movant Light, and whether Movant Light is the primary beneficiary or executor of Plaintiff's estate; (3) whether, under applicable law, Movant Light is the proper party for the claims in each of the eleven counts; (4) whether Movant Light intends to be substituted as the counter-defendant in this case; and (5) whether she will be represented by Sherrie A. Hall or other counsel going forward, should she be substituted as a party in this suit.  In her memorandum in support of her Motion for Substitution of Party, Movant Light must cite to legal authority in support of her arguments, as well as attach thereto any documentary evidence upon which she relies.  Defendants must respond to Movant Light's memorandum in support of her Motion for Substitution of Party, and Movant Light may file a reply, if necessary.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Memorandum and Order, Movant Teresa Sweeney Light shall file with the Court, on or before **May 21, 2024**, a legal memorandum in support of her Motion for Substitution of Party.  Within the time allowed by the applicable rules, Defendants shall file a response to the memorandum in support of the Motion for Substitution of Party, and Movant may file a reply.

**Movant Teresa Sweeney Light's failure to file a legal memorandum in support of her Motion for Substitution of Party that complies with the terms of this Memorandum and Order shall result in the denial of her Motion for Substitution of Party.**

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this __30th__ day of April, 2024.